1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
7

8    DAVID E. EDWARDS,                              No. C 19-8163 WHA (PR)

9               Petitioner,                          **ORDER OF DISMISSAL**

10   v.

11   R. NEUSCHMID,

12              Respondent.
                                            /
13

14         Petitioner is a state prisoner currently incarcerated at California State Prison, Solano, in

15   Vacaville, California.  He has filed a petition for a writ of habeas corpus under 28 U.S.C. §

16   2254 challenging a decision by prison officials to restrict his earnings of "good time" credits to

17   fifteen percent pursuant to California Penal Code Section 2933.1.  Prison officials have imposed

18   that restriction based upon the 2005 judgment from Santa Clara County Superior Court, which

19   indicates that the trial court imposed the credit restriction under section 2933.1 as part of

20   petitioner's sentence.

21         Petitioner argues in the instant petition that the trial court should not have imposed that

22   restriction, nor should prison officials be applying it to him, because he was not convicted of

23   an1 offense that qualifies for the credit restriction under section 2933.1.  Petitioner made this

24   claim in a habeas petition filed in the Santa Clara Superior Court, which found that petitioner's

25   conviction of several counts of residential burglary are qualifying convictions for section

26   2933.1 under California law.  Petitioner raised this claim in habeas petitions to the California

27   Court of Appeal and the California Supreme Court, both of which were summarily denied.

28         The petition must be dismissed for at least two reasons, one procedural and one

substantive. *First*, this is the second federal habeas petition in which petitioner challenges the same state court judgment from 2005. The prior petition was filed in 2008, challenged that judgment on multiple grounds, and was denied on its merits. *See Edwards v. Sisto*, No. C 08-02842 WHA (PR) (N.D. Cal. Apr. 28, 2011). The denial was affirmed on appeal. *See Edwards v. Swarthout*, No. 11-16337 (9th Cir. July 18, 2013). A second or successive petition may not be filed in the district court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained the necessary authorization from the Court of Appeals to bring a second or successive habeas petition challenge the 2005 state court judgment that he challenges here. Consequently, he cannot obtain federal habeas relief based upon this petition.

*Second*, even if the instant petition were procedurally proper, it fails because petitioner's claim is based upon an interpretation of state law that was rejected by the state courts, which are the final arbiters of state law. A state court's interpretation of state law, including one announced on appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hicks v. Feiock*, 485 U.S. 624, 629 (1988). The summary opinions by the California Court of Appeals and the California Supreme Court denying this claim are presumed to have adopted the superior court's reasoned opinion. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192-93 (2018) (when confronted with an unexplained decision from state court, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." ). In denying his habeas petition, the state court interpreted section 2933.1, distinguished the California case law upon which petitioner relied, and concluded that under state law, petitioner's convictions for residential burglary based upon his agents' defrauding the victims in their homes qualify for the time credit restrictions of section 2933.1. That determination of state law is binding here and precludes granting petitioner federal habeas relief on his claim.

For these reasons, the petition for a writ of habeas corpus is **DISMISSED**.  No certificate of appealability is warranted in this case because a reasonable jurist would not find the dismissal of this petition debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January  13  , 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE